496          COURT OF APPEALS OF WEST VIRGINIA.

Jan'y Term,          Pendleton, use, &c., vs. Bartons.          1871.

# Charleston.

## A. G. PENDLETON, USE, &C., vs. JAMES AND WILLIS BARTON.

### January Term, 1871.

1. A defendant who requires the plaintiff to take the oath known as the suitors' test oath, enacted by the legislature February 28th, 1865, is himself required, by the act of March 1st, 1866, to first take the same oath. The acts of February 11th and 28th, 1865, requires any plaintiff, if a citizen of the State, to make and file an affidavit that he will support the constitution of the United States and of this State, and that he takes such obligation freely and of choice, and without any mental reservation or purpose of evasion.

2. Where a case has been submitted to arbitration under a rule of court, and the order is subsequently set aside on motion of one of the parties, and it appears on the face of the record that all the parties were present and no objection was made, although not made by consent, the appellate court must presume the order, so setting aside the submission, was properly made.

A sufficient statement of this case appears in the opinion of Judge Maxwell. The suit was brought to February rules, 1867.

Hon. N. Harrison, judge of the circuit court of Monroe county, presided on the hearing of the case.

C. *Boggess* for the plaintiff in error.
No counsel appeared for the defendants in error.

MAXWELL, J.  A. G. Pendleton, who sued for the use of John Ballard, brought an action of debt against James Barton and Willis Barton, in the circuit court of Monroe

county. At the June term, 1867, of said court, the defendants filed four special pleas, and the defendant Willis Barton filed his affidavit stating that he had good cause to believe that the plaintiff Pendleton had, before that time, aided and abetted the so-called confederate states of America, in hostility to the United States and this State; on the filing of which the court made an order that unless the said plaintiff file in the papers of the cause, within thirty days from that day, the oath required by the act of the legislature of West Virginia, passed on the 28th day of February, 1865, the cause should be dismissed at the cost of the plaintiff. At the September term of the court, following, the parties, by mutual agreement, submitted all matters in difference between them in the suit, to arbitrators, and agreed that their award should be made the judgment of the court. At the May term of the court, in 1868, the order of reference was set aside on motion of the defendants.

On the 2d day of October, 1868, the cause was dismissed, because A. G. Pendleton failed to take and file in the papers of the case, the test oath required of him.

The case is brought here on supersedeas, and the first question for consideration is as to the sufficiency of the affidavit filed by the defendant Willis Barton.

A defendant who seeks to avoid the payment of a just debt, by requiring a plaintiff to take what is commonly called the suitors' test oath, must himself strictly comply with every requirement of the statute.

The acts of March 1st, 1866, [Acts 1866, p. 130], requires all defendants who require plaintiffs to take the oaths prescribed by the act of 1865, themselves to first take the same oaths which they require plaintiffs to take. The act of February 28th, 1865, p. 66 acts of 1865, and the act of February 11th of the same year, p. 21 of same acts, require any plaintiff, who claims to be a citizen of the State, to make an affidavit that he will support the constitution of the United States and the constitution of West Virginia, and

that he takes such obligation freely and of choice, and without any mental reservation or purpose of evasion.

The affidavit filed by the defendant Willis Barton, contains no oath of this sort, and is therefore, for this reason, if not objectionable in any other particular, insufficient to require the plaintiff to take the oath. *Nathaniel Harrison, adm'r*, v. *Smith, Rhodes & Co., infra; Same* v. *Leach, infra.*

There are other defects in the affidavit, but it is unnecessary to refer to them, as the acts under which the proceeding was had are not now in force, and when the case is remanded no proceedings can be had under them.

It is claimed here that the court below erred in setting aside the order submitting the case to arbitration. It appears from the face of the order complained of, that the parties were all in court when it was made, and while it does not appear that it was made by consent, it does not appear that any objection was made to it at that time, so that this court must presume it was properly made.

The order dismissing the case will have to be reversed, with costs to the plaintiff in error, the case reinstated upon the docket, and remanded for further proceedings to be had therein.

The other judges concurred.

ORDER REVERSED.